**People of the State of Illinois, Plaintiff-Appellee, v. Edwardell Noble, Defendant-Appellant.**

**Gen. No. 51,077.**

First District, Second Division.

July 22, 1966.

Edwardell Noble, pro se, appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago, for appellee.

ON MOTION FOR LEAVE TO WITHDRAW
AS ATTORNEY

MR. JUSTICE BURKE delivered the opinion on motion for leave to withdraw as attorney.

The court having considered the Motion by the Public Defender, Gerald W. Getty, for Leave to Withdraw as Attorney for Defendant-Appellant, Edwardell Noble, and the affidavits of two Assistant Public Defenders who investigated possible ground for review on the common-law record and the transcript of proceedings, and the court having examined the common-law record and the transcript of proceedings and found:

> The prosecuting witness, Paul Parenteau, testified that on the night of September 14, 1965, he was drinking in a tavern on West Leland Avenue in Chi-

cago. Codefendant Charles Porter imposed upon Parenteau to shoot a game of dice but Parenteau declined. After further prompting the two men went outside and rolled dice in a nearby hallway. Porter was losing and asked to borrow money from Parenteau. Parenteau declined and offered to buy Porter a drink instead. They returned to the tavern and Parenteau bought drinks and left shortly thereafter. As he left the tavern he was accosted by four men in a nearby alley. The men knocked him to the ground, spread-eagled him on his back and proceeded to beat and rob him of his wristwatch, keys and some $80. While the robbery was in progress, a police car entered the alley and the four men ran. The three codefendants, Noble, Porter and Perry, were apprehended within a few minutes in the immediate area of the incident and Parenteau, at the scene, identified all three as the assailants.

Chicago Police Officer Matthew Barker testified that he and his partner, Officer Leroy Wandtke, were cruising in their squad car when they saw four men beating and apparently robbing a fifth man in an alley. They first witnessed the incident from about 100 feet away, and were some 50 feet away when the four men ran. The victim, Parenteau, had bruise marks about his face and head. The three defendants were apprehended within a few minutes within 70 feet of the place where the incident occurred and all three were immediately identified by Parenteau as the assailants. The three defendants were taken to the police station and searched. A wristwatch and keys belonging to Parenteau were found on Perry and $41 was found on Porter.

Defendant Porter testified that he and another man were shooting dice on the night in question and that Parenteau walked up to them and asked where he could locate a woman. Porter told him he did not

know and Parenteau left and went to a tavern. Porter left the game a short while later and went to the same tavern where he had a few drinks with Parenteau. After some discussion the two men left the tavern to shoot dice. Defendant Noble was also in the game. Defendant Perry came on the scene later and watched the game but did not join. Parenteau was losing and prevailed upon Porter to loan him $5 with Parenteau's watch as security. He was losing again and prevailed upon Perry for a loan of $20. The police arrived and everyone ran. Porter denied being engaged in a fight or robbing Parenteau.

Defendant Perry testified that he came upon the dice game while it was in progress but did not join. Parenteau was losing and asked Perry for a loan of $20, for which he gave his keys as security. Perry denied that he ever had Parenteau's watch in his possession. (Officers Barker and Wandtke testified that both the keys and the watch were found on Perry.) The police arrived and everyone ran. Perry denied both the fight and the robbery.

Defendant Noble testified that he engaged in a dice game with Parenteau, Porter and another person. Perry was there but was not playing. Parenteau was losing and prevailed upon Perry for a loan of $20. Noble heard the word "collateral" used in the discussion between Perry and Parenteau. Noble denied a fight took place and denied the robbery. He stated that the only physical contact which occurred between the players was when they began to run and collide with each other when the police arrived.

Officer Wandtke testified that the keys and the wristwatch were found on Perry at the police station and that at that time Perry accused him of planting both the keys and the watch on Perry. The Officer further testified that at the police station

all the defendants denied ever having seen Parenteau before.

The State introduced properly authenticated copies of the defendants' felony records expressly for the purpose of impeaching their credibility.

Defendants were sentenced to one to four years in the penitentiary.

We conclude that the Motion of the Public Defender, Gerald W. Getty, for Leave to Withdraw as Attorney for Defendant-Appellant, Edwardell Noble, is well sustained by the record. The Public Defender is accordingly given Leave to Withdraw as Attorney for Defendant-Appellant, without prejudice to the right of Defendant-Appellant to proceed pro se. The filing of an abstract by Defendant-Appellant is waived and he may within sixty (60) days from August 1, 1966, file a brief.

Motion allowed.

BRYANT, P. J. and LYONS, J., concur.